**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA NAGEL, | ) | CASE NO. 1:22-CV-866 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **ORDER DENYING DEFENDANTS'** |
| CLOVERLEAF LOCAL SCHOOL | ) | **MOTIONS FOR MORE DEFINITE** |
| DISTRICT BOARD OF EDUCATION, *et al.*, | ) | **STATEMENT** |
| | ) | |
| Defendants. | ) | |

**I.     Procedural History**

On May 24, 2022, Plaintiff filed a complaint on behalf of herself and her son, J.N., alleging violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. (ECF No. 1). On August 24, 2022, Defendants Cloverleaf Local School District Board of Education, Wendy Nelson, Margo Gibson-Costello, and Christy Sullivan ("Cloverleaf Defendants") filed a motion for Plaintiff to file a more definite statement under Federal Rule of Civil Procedure 12(e). (ECF No. 31).

Also on August 24, 2022, Defendants Medina Creative Housing, Mary Neu, Medina Creative Accessibility, Inc., and James Kirby answered Plaintiff's complaint and raised a crossclaim against co-defendants Cloverleaf Local School District Board of Education and Margo Gibson-Costello for contribution and indemnification. (ECF No. 30). Previously, on July 25, 2022, Defendant Melissa Kania filed an answer to Plaintiff's complaint and raised a crossclaim against Cloverleaf Local School District Board of Education and Margo Gibson-Costello for contribution and indemnification. (ECF No. 15).

Consequently, on September 2, 2022, Defendants Cloverleaf Local School District Board

1

of Education and Margo Gibson-Costello filed separate motions for more definite statement as to the crossclaims raised by those defendants. (ECF No. 34; ECF No. 35). On September 30, 2022, James Kirby, Mary Neu, Melissa Kania, Medina Creative Housing Inc., and Medina Creative Accessibility, Inc. opposed the motions for more definite statement. (ECF No. 40). They argued that neither Plaintiff's complaint or their crossclaims are vague or ambiguous, so the motions for more definite statement should be denied. *Id*.

On September 26, 2022, Defendant James Derry answered the Plaintiff's complaint and filed a crossclaim against Cloverleaf Local School District Board of Education and Margo Gibson-Costello for contribution and indemnification. (ECF No. 39). In response, on October 17, 2022, Cloverleaf Local School District Board of Education and Margo Gibson-Costello filed another motion for a more definite statement in relation to Derry's crossclaim. (ECF No. 41). On October 31, 2022, Derry opposed the motion, arguing that the allegations of his crossclaim are not vague or ambiguous. (ECF No. 45).

## II. Legal Standard

Federal Rule of Civil Procedure 12(e) allows for a party to move for a more definite statement of the pleading when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." The motion must point out the defects complained of and the details desired. F.R.C.P. 12(e). A motion for a more definite statement should not be used as a substitute for discovery. *Federal Insurance Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007) (citing *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D. Ohio 1984)). The motion should be granted only when the complaint is "so vague that it is unreasonable to expect that a responsive pleading may or can be framed." *SKY Technology Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D. Ohio 2000). Federal

2

courts generally disfavor motions for more definite statements. *Federal Insurance Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007).

Federal Rule of Civil Procedure 8 details the rules of pleading. Specifically, F.R.C.P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In light of the pleading standards of Rule 8(a)(2) and "the opportunity for extensive pretrial discovery," courts rarely grant motions for a more definite statement. *Webne*, 513 F.Supp.2d at 924.

### III. Motion for a More Definite Statement as to Plaintiff's Complaint

The Cloverleaf Defendants argued that the Complaint is defective because it does not plead the birthdate of J.N. (ECF No. 31). However, that information should already be possessed by the school district or readily discoverable. The lack of that information does not render the Complaint so vague that Defendants cannot prepare a response.

The Cloverleaf Defendants alleged that Plaintiff defectively failed to plead how she exhausted administrative remedies pursuant to 20 U.S.C. § 1415(l). (ECF No. 31). However, Plaintiff detailed in paragraph four of her complaint how she believes she exhausted her administrative remedies. (ECF No. 1, PageID 3). If Defendants do not feel they have sufficient knowledge to confirm or deny that factual allegation, then they should indicate that in their answer.

Another deficiency that the Cloverleaf Defendants alleged is that the Complaint does not plead the dates in which Plaintiff resided within the Cloverleaf Local School District. (ECF No. 31). However, paragraph 59 of the Complaint states that J.N. was a resident of "the geographic area that Cloverleaf serves at all times relevant." (ECF No. 1, PageID 11). Thus, there is not a deficiency that would prevent Cloverleaf Defendants from responding.

The Cloverleaf Defendants argued that they cannot reasonably prepare a response because

the Complaint does not specify the exact dates J.N. attended programs at the Day Skills Lodge. (ECF No. 31). However, the relevancy of this information to forming a response is unclear considering the Complaint specifies that J.N. attended programs at the Day Skills Lodge for three hours each day "at all times relevant to the allegations of this Complaint." (ECF No. 1, PageID 4). This information is also likely readily discoverable. The Cloverleaf Defendants also argued that they could not provide a response because the Complaint does not provide the dates that J.N. participated in "transition plan programs." (ECF No. 31). This is a similar issue to the Day Skills Lodge attendance and does not prevent the Cloverleaf Defendants from filing a responsive pleading for the same reason. If the Cloverleaf Defendants deny that J.N. attended programs as pled, or lack sufficient information to confirm or deny, they may say so in their answer.

The Cloverleaf Defendants argued that Plaintiff failed to provide verification that the applicable probate court approved the instant civil action. (ECF No. 31). This information does not prevent the Cloverleaf Defendants from filing a responsive pleading.

The Cloverleaf Defendants argue, with minimal explanation, that they cannot prepare a response because it is unclear whether Defendants Wendy Nelson, Margo Gibson-Costello, and Christy Sullivan are being sued in their official capacities. (ECF No. 31). The Court notes that paragraphs 19–22 of the complaint clarify that those individuals are being sued as "an agent or employee of Defendant Cloverleaf School District." (ECF No. 1, PageID 5). No further information is necessary for Defendants to file a responsive pleading.

The Cloverleaf Defendants claim that they cannot respond to paragraph 26 of the complaint because it "fails to provide the details of the third-party 'contract or agreement' between the Cloverleaf Defendants and Defendant Medina Creative Accessibility, Inc." (ECF No. 31). Any details of an agreement between Cloverleaf and a third party would seemingly be something that

4

Cloverleaf can access. If no such agreement exists, Cloverleaf should state as such in their responsive pleading. Additionally, the Cloverleaf Defendants requested a copy of the transition plan and J.N.'s Individualized Education Program ("IEP"), additional documents that are arguably already in their possession because they likely created them. (ECF No. 31).

The Cloverleaf Defendants requested copies of the October 17, 2017 due process complaint, the October 25, 2017 due process settlement agreement, the October 30, 2017 impartial hearing officer decision, July 22, 2021 and August 12, 2021 due process complaint, and the August 29, 2021 impartial hearing officer decision. (ECF No. 31). These documents are properly sought in discovery and their alleged absence does not prevent the Cloverleaf Defendants from preparing a responsive pleading.

The Cloverleaf Defendants argued that they cannot reasonably prepare a response because the Complaint fails to reference previous state court litigation. (ECF No. 31). The Defendants then cite to two state cases. *Id*. The Defendants provided no explanation for why that missing information would prevent them from framing a response.

The Cloverleaf Defendants claim that the Complaint is unclear about what actual duty they owed. (ECF No. 31). Again, it remains unclear how this would prevent them from providing a responsive pleading. However, the Court also notes that paragraph 85 of the Complaint lays out specifics concerning the duty of care to Plaintiff's ward, J.N. (ECF No. 1, PageID 16). Plaintiff wrote, "Defendant Cloverleaf and its employees owed Plaintiff a duty to ensure that J.N. was safely transitioned to MCA/MCH programs, and that he was adequately supervised in accordance with his apparent staffing needs with which they were intimately familiar." *Id*. Thus, this allegation does not warrant a more definite statement.

Finally, the Cloverleaf Defendants allege that they lack knowledge as to what the term

5

"criminalized" in paragraph 102 of the Complaint means. (ECF No. 31). The proper avenue to address their lack of knowledge is by stating such in their responsive pleading. However, the Court notes that the statement in the Complaint lacks ambiguity in the context of the Complaint, which alleges that J.N. physically assaulted another client at the Day Skills Lodge program.

Accordingly, the Court **DENIES** Defendants' motion for a more definite statement on all eighteen of their raised concerns regarding the Complaint.

### IV. Motion for a More Definite Statement as to Crossclaims filed by James Kirby, Mary Neu, Medina Creative Housing, Inc., Medina Creative Accessibility, Inc., Melissa Kania, and James Derry

As the Cloverleaf Defendants[1] raised twelve essentially identical issues in their motions for more definite statements against the cross-claimants, the Court will address the motions together. (ECF No. 34, 35, and 41).

The first issue raised in each of the motions was that the Cloverleaf Defendants cannot prepare a response because it is unclear if Defendant Gibson-Costello is named in her official capacity. (ECF No. 34, 35, and 41). The Court finds that nothing in the crossclaims is so vague that the Defendants could not file a responsive pleading. (ECF No. 15, 30, and 39).

Issues two, three, eleven, and twelve request documents (vocational training employment agreement, treasurer certificates, transition plan, and IEP) that are better sought through discovery. (ECF No. 34, 35, and 41). The absence of these documents does not prevent Defendants from framing a responsive pleading.

---

[1] The Court notes that the three motions for more definite statement against the cross-claimants were only filed by Cloverleaf Local School District Board of Education and Margo Gibson-Costello as Wendy Nelson and Christy Sullivan are not parties to the crossclaim. (ECF No. 34, 35, and 41). However, the Court will reference Cloverleaf Local School District Board of Education and Margo Gibson-Costello as the "Cloverleaf Defendants" in this section for the sake of brevity.

Issues four, five, and six argue that the crossclaims are not adequately plead to establish indemnification, contribution, or that Cloverleaf Defendants owed a duty under the vocational training employee agreement. (ECF No. 34, 35, and 41). These concerns are more appropriately addressed in either a motion to dismiss or a motion for summary judgment. The pleadings are not so vague that Defendants could not file a responsive pleading.

Issues seven, eight, nine, and ten request information that was also requested in the motion for more definite statement targeted at Plaintiff: J.N.'s birthdate, dates of school district residency, dates of Day Skills Lodge attendance, and transition plan dates. (ECF No. 34, 35, and 41). For the same reasons as stated above, the Court denies Defendants' motions for more definite statement as to those issues.

Consequently, the Court **DENIES** all four of the Cloverleaf Defendants' motions for more definite statement. (ECF No. 31, 34, 35, and 41). To avoid further delay, the Cloverleaf Defendants shall move or otherwise respond to Plaintiff's complaint and the crossclaims by fourteen days from the issuance of this order.

**IT IS SO ORDERED.**

Date: January 25, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**